IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40970
Summary Calendar
_____

DOUGLAS JAMES DURHAM,

                                        Plaintiff-Appellant,

versus

GARY L. JOHNSON ET AL.,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:96-CV-431
- - - - - - - - - -
April 18, 1997

Before KING, JOLLY, and DENNIS, Circuit Judges

PER CURIAM:[*]

Douglas J. Durham, Texas inmate # 574899, appeals the dismissal of his civil rights action under 42 U.S.C. § 1983. The Prison Litigation Reform Act (PLRA) requires a prisoner appealing in forma pauperis to pay the full filing fee, $105. Durham has insufficient funds to pay the full fee. Durham shall pay to the Clerk of the District Court for the Eastern District of Texas an initial partial filing fee of $3.82 which is 20 percent of his

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

average monthly balance.  See 28 U.S.C. § 1915(b)(1)(A).

Additionally, Durham is required to make monthly payments of twenty percent of the preceding month's income credited to his account until the full filing fee is paid.  See § 1915(b)(2).  The agency having custody of Durham shall collect the remainder of the $105 filing fee and forward payment to the Clerk of the District Court for the Eastern District of Texas in accordance with 28 U.S.C. § 1915(b)(2) each time the amount in Durham's account exceeds $10, until the full $105 filing fee is paid.

To establish his failure-to-protect claim, Durham must have shown that he was "incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection."  Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995).  Durham's own allegations show that prison officials have twice transferred him to different units and placed him in segregated portions of those units for his protection.  These efforts to protect Durham were not only reasonable, but they were effective as Durham had not been assaulted for over six months prior to the hearing held in this matter.  This appeal is without arguable merit and thus frivolous.  Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).

IFP GRANTED; APPEAL DISMISSED.  See 5th Cir. R. 42.2.